UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| REGINALD ARLEIGH NOBLE | § | |
| --- | --- | --- |
| (TDCJ No. 1019577), | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:17-cv-2990-B |
| | § | |
| LORIE DAVIS, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case. An objection was filed by Petitioner/Respondent. The District Court reviewed *de novo* those portions of the proposed findings, conclusions, and recommendation to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendation for plain error. Finding no error, the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge.

Because the Court is transferring this successive habeas application to the United States Court of Appeals for the Fifth Circuit for appropriate action, the Court need not address whether Petitioner is entitled to a certificate of appealability ("COA"). *See United States v. Fulton*, 780 F.3d 683, 688 (5th Cir. 2015) ("[A] transfer order under 28 U.S.C. § 1631 is not a final order within the meaning of [28 U.S.C.] § 2253(c)(1)(B), and the appeal of such an order does not require a COA."); *Guel-Rivas v. Stephens*, 599 F. App'x 175, 175 (5th Cir. 2015) (per curiam) (applying Fulton's holding

to transfer of a successive Section 2254 application).

But in the event the Petitioner will file a notice of appeal, the Court notes that the Petitioner must pay the filing fee or file a motion for leave proceed *in forma pauperis* on appeal.

**SO ORDERED.**

DATED: JANUARY 3, 2018.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE